### J. D. WILKERSON v. R. S. BUCHANAN.

*Evidence—Constitutional Law.*

1. Since the enactment of ch. 183 of the laws of 1879, it is incompetent for the obligor to a bond executed in 1859 to prove by his own oath that the same was embraced in a compromise made by the parties litigant before trial.

2. The competency of a witness in a civil suit is to be determined by the law as it exists at the time he is called upon to testify, regardless of what may have been the rule at any previous time.

(The decision in *Tabor* v. *Ward* at this term is sustained by the citation of additional authority.)

CIVIL ACTION tried at Spring Term, 1880, of GRANVILLE Superior Court, before *Seymour, J.*

This is an action commenced before a justice of the peace on a bond executed by the defendant to D. S. Wilkerson and son, for the sum of one hundred and fifty-seven dollars, payable on demand with interest from date, and dated the 20th day of September, 1859. The case was carried by the appeal of the defendant to the superior court of Granville county from a judgment rendered against him in the justice's court, and was called for trial in that court at spring term, 1880.

A jury trial was waived by agreement of parties and all issues of fact as well as of law were submitted to be tried by His Honor. There was only one issue of fact submitted to the judge, to-wit, " was the bond sued on included in a compromise made between the said parties on the 28th day of September, 1869." On the trial of this issue the defendant offered himself as a witness to prove that the note sued on was embraced in the compromise and by that means had been paid and satisfied. This evidence was objected to by plaintiff's counsel and ruled out by the court, upon the

ground that this being an action against the defendant on a bond under seal for the payment of money, executed previous to the first day of August, 1868, the defendant by chapter 183 of the laws of 1879 is rendered an incompetent witness therein. The defendant excepted to this ruling.

The court found the issue for the plaintiff and gave judgment in his favor for the amount of the bond sued on with interest and costs, from which the defendant appealed.

*Messrs. J. B. Batchelor* and *L. C. Edwards*, for plaintiff.
*Mr. M. V. Lanier*, for defendant.

Ashe, J. This very question, whether a party to an action on a sealed note executed before the first of August, 1868, is a competent witness since the passage of the act of 1879, ch. 183, has been fully considered and decided at this term of the court, in *Tabor* v. *Ward;* and the decision there made may be taken as the opinion of the court in this case.

Since delivering the opinion in that case, on a further examination of the subject, we have met with an authority so very apposite, that we have thought it worth while to cite it here as confirmatory of the views of the court.

Mr. Wade in his treatise on Retroactive Laws, where treating of statutes affecting remedies and changing the rules of evidence, which are not unconstitutional, holds: "So a statute changing the rule of evidence as to the contents of sealed instruments, so as to let in testimony in rebuttal of the legal presumption of consideration as therein expressed, was applied to instruments signed and sealed prior to the statute."

"The competency of a witness in a civil suit is to be determined by the law as it exists at the time he is called upon to testify, regardless of what may have been the rule at any previous time." See section 215 and notes 4 and 5, and the authorities there cited to sustain the text.

There is no error. The judgment of the superior court is affirmed.

No error.                                              Affirmed.